## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-47779-399 |
| | ) | |
| BRIAN DOUGLAS FISH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Motion No. ___ |
| _____ | ) | |
| | ) | **MOTION FOR RELIEF FROM** |
| PATRICIA K. FISH, | ) | **AUTOMATIC STAY FILED BY** |
| | ) | **PATRICIA K. FISH** |
| Movant, | ) | |
| | ) | Robert E. Eggmann, Esq. |
| v. | ) | Carmody MacDonald P.C. |
| | ) | 120 S. Central Ave., Suite 1800 |
| BRIAN DOUGLAS FISH, Debtor, | ) | St. Louis, MO  63105 |
| | ) | (314) 854-8600 |
| and | ) | ree@carmodymacdonald.com |
| | ) | |
| SETH A. ALBIN, Trustee, | ) | Hearing Date: April 8, 2020 |
| | ) | Hearing Time: 2:00 p.m. |
| Respondents. | ) | Hearing Location: Courtroom 5 South |

### MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY PATRICIA K. FISH

COMES NOW Movant Patricia K. Fish, by and through the undersigned attorneys, pursuant to Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and moves this Honorable Court for entry of an order modifying the automatic stay of 11 U.S.C. § 362(d). In support thereof, Movant Patricia K. Fish respectfully states as follows:

1. This *Motion for Relief from Automatic Stay filed by Patricia K. Fish* (the "Motion") arises under Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP").  This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §1334, and the relief sought by this Motion constitutes a core proceeding under 28 U.S.C. §157.

2. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

3. On December 18, 2019 (the "Petition Date"), Debtor Brian Douglas Fish ("Debtor")

filed a voluntary petition under Chapter 7 of Title 11, U.S.C., with the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division (this "Court") commencing his Chapter 7 bankruptcy case under Case No. 19-47779-399 (the "Bankruptcy Case").

4. Seth A. Albin ("Trustee") is the duly appointed, qualified Chapter 7 trustee in Debtor's Bankruptcy Case.

5. Movant Patricia K. Fish ("Movant") is Debtor's former spouse.

6. Prior to the Petition Date, on April 2, 2013, Movant filed a Petition for Dissolution of Marriage against Debtor before the Twenty-First Judicial Circuit, State of Missouri, Family Court Division (the "State Court") in the domestic case styled *Patricia K. Fish, Petitioner v. Brian D. Fish, Respondent*, Cause No. 13SL-DR-01941 (the "Dissolution Case").

7. On April 15, 2014, a Judgment of Dissolution of Marriage (the "Dissolution Judgment") was entered by the State Court, dissolving the marriage of the parties and entering other appropriate orders regarding child custody, child support, attorney's fees, guardian ad litem ("GAL") fees, and the division of marital property and marital debts.

8. Movant filed a Motion for Contempt against Debtor as a result of his failure to abide by the terms of the underlying Dissolution Judgment. The Motion for Contempt was heard by the State Court and evidence was adduced on May 25, 2017 and June 15, 2017. A Judgment of Civil Contempt (the "Contempt Judgment") was thereafter entered on November 7, 2017.

9. Both parties sought modification of the Contempt Judgment, and on January 14, 2019, the State Court entered an Amended Judgment of Civil Contempt (the "Amended Contempt Judgment"). A true and correct copy of the Amended Contempt Judgment is attached hereto as Exhibit 1 and incorporated herein by this reference.

10. In the Amended Contempt Judgment, the State Court set forth a detailed history of the post-dissolution proceedings and entered the following orders:

   a. Ordering Debtor to pay to Movant the sum of $217,756.26 as and for fees and expenses incurred by Movant "for defending the lawsuits for which [Debtor] was to indemnify her and hold her harmless" under the terms of the Dissolution Judgment [Ex. 1 p. 12 ¶ 40(a); p. 13 ¶ A];

   b. Ordering Debtor to pay to Movant the sum of $4,460.37 as and for fees and expenses incurred by Movant "for [Debtor]'s share [of] the uncovered medical, dental and vision expenses for the children" [Ex. 1 p. 12 ¶ 40(a); p. 13 ¶ A];

   c. Ordering Debtor to pay to Movant the sum of $6,563.53 as and for Debtor's portion of the GAL fees paid by Movant on Debtor's behalf in the Dissolution Case [Ex. 1 p. 12 ¶ 41; p. 13 ¶ A];

   d. Ordering Debtor to pay to Movant the sum of $15,000.00 as and for Movant's portion of the attorney's fees incurred in connection with the Motion for Contempt [Ex. 1 p. 13 ¶ B];

   e. Finding Debtor in contempt of court for his failure to indemnify and hold Movant harmless against certain litigation (forcing Movant to defend herself) as ordered in the Dissolution Judgment [Ex. 1 pp. 13–14 ¶ C];

   f. Finding Debtor in contempt of court for his failure "to pay 50% of the uncovered medical, dental and vision (after payment of [Movant's] portion)" [Ex. 1 p. 14 ¶ D]; and

   g. Finding Debtor in contempt of court for failure to follow the directive of the State Court in the Dissolution Judgment admonishing the parties to "refrain from making

negative, derogatory or degrading statements about the other Parent in the presence of the minor children." [Ex. 1 p. 14 ¶ E].

11. Execution on the Amended Contempt Judgment was stayed, so long as Debtor paid to Movant the sum of $1,000.00 per month until such time as the sum of $243,780.00 is paid in full and so long as he remains current in his child support obligations (among other orders) [Ex. 1 p. 14 ¶ F]. The State Court further found that given the evidence presented regarding Debtor's income and assets, Debtor had the present ability to repay these amounts. [Ex. 1 p. 15 ¶ G]

12. The State Court expressly retained jurisdiction over the Dissolution Case until such time as the contempt set forth in the Amended Contempt Judgment has been purged. [Ex. 1 p. 15 ¶ I]

13. The State Court further ordered and admonished Debtor in the Amended Contempt Judgment that should he fail "to make any payment, a warrant and commitment for [Debtor's] arrest shall issue forthwith after this Court is satisfied by proper proof that payment has not ben made. In that event, the Court may imprison the [Debtor] at the St. Louis County Department of Justice services until he pays to the registry of the Court the sum of $243,780.00, or until the [Debtor] is otherwise discharged according to law." [Ex. 1 p. 15 ¶ I]

14. Debtor has failed and refused to abide by the terms of the Amended Contempt Judgment in that he has ceased paying his $1,000.00 monthly payment obligation to Movant, such that the sum of $2,000.00 (representing the payments due for January and February 2020) is currently due and owing.

15. The filing of Debtor's Bankruptcy Case effectively stayed the prosecution of matters by Movant before the State Court in the Dissolution Case.

16. Movant seeks relief from the automatic stay in order to allow her to seek enforcement of the Amended Contempt Judgment by the State Court, including the entry of orders for the issuance of a warrant and commitment for Debtor's arrest and incarceration until such time as his payment obligation is discharged.

17. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

18. The term "cause" is not defined by the Bankruptcy Code, except for lack of adequate protection. *See In re Blan,* 237 B.R. 737, 739 (8th Cir. BAP 1999). However, "cause" may include "relief to allow litigation to proceed in a non-bankruptcy forum, such as State Court." *In re Hopper*, 474 B.R. 872, 879 (Bankr. E.D.Ark. 2012) (citing *In re Wintroub*, 283 B.R. 743 (8th Cir. BAP 2002)). This premise is of particular importance with respect to the enforcement of domestic orders, as "[t]he jurisdiction to determine the right to and grounds for a divorce falls exclusively with the state court, and a state court action as it pertains to those issues should not be stayed." *In re Bamman*, 239 B.R. 560, 562 (Bankr. W.D.Mo. 1999) (citing *In re Hohenberg*, 143 B.R. 480, 483 (Bankr. W.D.Tenn. 1992)). Further, bankruptcy courts have concluded that "cause" exists to grant relief from stay for the purpose of pursuing a contempt action against a debtor in state court based upon his failure to comply with the terms of a decree of dissolution of marriage. *In re Hopper,* 474 B.R. at 890; *In re Melcher*, 2009 WL 1073107, *2 (Bankr. D.Ne. 2009).

19. As the record before the State Court reflects (and as is detailed in the Amended Contempt Judgment), Debtor's continuous efforts to thwart Movant's collection of those amounts payable to her under the Dissolution Judgment have resulted in repeated contempt orders by the

State Court. Debtor's latest failure and refusal to pay those amounts due to Movant is representative of his continued bad faith over the years since the Dissolution Case commenced.

20. Accordingly, cause exists pursuant to Section 362(d)(1) of the Bankruptcy Code to grant relief to Movant from the automatic stay in order to pursue enforcement of the Amended Contempt Judgment in the Dissolution Case.

21. Movant requests that an order for relief from the automatic stay be granted effective immediately without the 14-day stay of enforcement pursuant to FRBP 4001(a)(3).

WHEREFORE, Movant Patricia K. Fish respectfully requests this Court enter its Order as follows:

a. granting the relief sought by Movant in this Motion, terminating and/or modifying the automatic stay provisions of 11 U.S.C. § 362 for the purpose of allowing Movant to pursue the enforcement of the Amended Contempt Judgment in the Dissolution Case before the State Court;

b. authorizing the State Court to conduct such hearings and enter such orders as are necessary with respect to the enforcement of Movant's state law rights, remedies, and privileges through conclusion under the Amended Contempt Judgment;

c. if necessary, authorizing the State Court to issue a warrant and commitment for Debtor's arrest and incarceration until such time as his payment obligation under the Amended Contempt Judgment is discharged;

d. waiving the 14-day stay of enforcement promulgated by FRBP 4001(a)(3), such that Movant shall be allowed to immediately pursue her remedies as aforesaid;

e. and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ *Robert E. Eggmann*
ROBERT E. EGGMANN (#37374)
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
(314) 854-8660 – FAX
ree@carmodymacdonald.com

ATTORNEY FOR PATRICIA FISH

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document was filed electronically with the United States Bankruptcy Court and has been served on the parties in interest via email by the Court's CM/ECF system as listed on the Court's Electronic Mail Notice List on this 26th day of February, 2020.

The undersigned hereby certifies that a true and correct copy of this document was filed electronically with the United States Bankruptcy Court and has been served by regular United States mail service, first class, postage fully pre-paid, addressed to each of the parties listed below on this 26th day of February, 2020:

Brian Fish, Debtor
702 Plantmore Drive
St. Louis, MO  63135

/s/ *Robert E. Eggmann*